UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LINCOLN J. BROWN,

    Petitioner,

v.

DEAN MOONEY, Director of the
Minnesota Sex Offender Program,

    Respondent.

Civil No. 06-2576 (JRT/AJB)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. These proceedings have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

Petitioner has a history of criminal sexual conduct dating back to 1992, when he was sixteen years old. In 1994, the State of Minnesota sought to have Petitioner committed as a "Sexually Dangerous Person," ("SDP"), under the State's civil commitment laws. A hearing was held in the matter, and Petitioner there stipulated that he is an SDP subject to civil commitment. As a result, on May 30, 1995, Petitioner was ordered to be civilly committed as

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

an SDP. Petitioner initially was committed to the Minnesota Security Hospital in St. Peter, Minnesota, but he is currently confined at the Moose Lake Regional Treatment Center, in Moose Lake, Minnesota.

On July 12, 2004, Petitioner filed a pro se habeas corpus petition pursuant to Minn.Stat. §§ 589.01 et seq., challenging the constitutionality of his civil commitment. Petitioner claimed that his civil commitment as an SDP violated his right to a jury trial under the Minnesota State Constitution. He also claimed that he was entitled to a jury trial under the Seventh Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

The state district court denied Petitioner's state habeas corpus petition, and Petitioner appealed. The Minnesota Court of Appeals upheld the denial of Petitioner's habeas corpus petition on June 7, 2005. <u>Brown v. Mooney</u>, No. A04-2375 (Minn.App. 2005), 2005 WL 1331767 (unpublished opinion).[2] The Minnesota Supreme Court denied Petitioner's subsequent application for further review on July 19, 2005.

On June 22, 2006, Petitioner filed his present application for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. His self-styled petition lists three grounds for relief:

(1) That he has been deprived of his constitutional rights under the Minnesota State Constitution, because the statutes and procedures under which he was civilly committed do not provide for a trial by jury.

---

[2] Because Petitioner did not disclose very much of the background of his case in his current petition and related submissions, the Court's understanding of the procedural history of this case, as recited above, comes primarily from the Minnesota Court of Appeals' ruling on Petitioner's state habeas corpus petition.

(2) That he has been deprived of his right to equal protection under the Fourteenth Amendment to the United States Constitution, because the statutes and procedures under which he was civilly committed do not provide for a trial by jury.

(3) That he has been deprived of his right to due process under the Fourteenth Amendment to the United States Constitution, because the statutes and procedures under which he was civilly committed do not provide for a trial by jury.

The Court finds, however, that none of Petitioner's current claims for relief can be decided on the merits, because this action is time-barred.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by individuals who are in custody pursuant to a state court judgment. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period, nor is there any indication that Petitioner's claims are based on any newly-recognized (and retroactively-applicable) constitutional right, or any new evidence that could not have been discovered earlier. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when the judgment that effected Petitioner's civil commitment "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The judgment that Petitioner is challenging here, i.e., the judgment that caused his civil commitment as an SDP, was entered on May 30, 1995. Brown, 2005 WL 1331767 at *1. Because Petitioner did not file a direct appeal, the federal habeas statute of limitations ordinarily would have begun to run upon the expiration of the deadline for filing a direct appeal. However, the Eighth Circuit Court of Appeals has held that the statute of limitations set forth at § 2244(d)(1) never begins to run any earlier than the date when the statute was enacted, which was April 24, 1996. Nichols v. Bowersox, 172 F.3d 1068, 1073 (8th Cir. 1999). Therefore, the statute of limitations did not actually begin to run in this case until April 24, 1996. It follows that the one-year limitation period expired in this case on April 24, 1997. Id. See also, Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999) ("[i]n applying § 2244(d)(1) to

cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions").

However, Petitioner did not file his present petition until June of 2006, which was more than ten years after the statute of limitations began to run in this case, and more than nine years after the limitations period expired. It is therefore readily apparent that the instant petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a state detainee files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

The tolling provisions of § 2244(d)(2) cannot aid the instant Petitioner however, because the statute of limitations had already expired long before he sought collateral relief in the state courts by filing his state habeas corpus petition pursuant to Minn.Stat. §§ 589.01 et seq. The statute of limitations expired in April 1997, (as discussed above), and Petitioner did not file his § 589.01 state habeas corpus petition until July 12, 2004, (Brown, 2005 WL 1331767 at *1), which was more than seven years after the federal statute of limitations had already expired. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). Thus, the tolling

provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, No. 05-3642 (8th Cir. June 21, 2006), 2006 WL 1686671 at *1.  See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his § 589.01 state habeas petition did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his state post-conviction proceedings were complete.  That, however, is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired."  Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).[3]

---

[3] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon.  Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.]  Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition.  It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873

Again, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because the federal statute of limitations expired before he filed his § 589.01 habeas corpus petition in the state court. By the time Petitioner initiated that action, it was already too late to toll the federal statute of limitations pursuant to § 2244(d)(2).

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The state civil commitment judgment that Petitioner is challenging became final, for purposes of the federal habeas statute of limitations, in April 1996. The limitations period expired one year later, in April 1997. Petitioner's § 589.01 state habeas corpus petition could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), if it had been filed before the federal limitations period expired. In fact, however, Petitioner did not file his § 589.01 petition until more than seven years _after_ the federal statute of limitations had already expired, so there was not an effective § 2244(d)(2) tolling in this case. Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is clearly time-barred, and this action must be dismissed with prejudice.[4]

---

(2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

[4] The Court notes that even if this action were not time-barred, it still would have to be summarily dismissed, because Petitioner failed to exhaust his state court remedies for one of his three current claims for relief – namely his equal protection claim. See Rose v. Lundy, 455 U.S. 509, 510, 522 (1982) (before seeking federal habeas corpus relief, state detainees must exhaust all available state court remedies for all claims). Furthermore, even if this action were timely, and Petitioner deleted his unexhausted claim, this case still would be dismissed because the two remaining claims – i.e. that Petitioner was deprived of his rights under (i) the Minnesota State Constitution, and (ii) the Seventh Amendment and Due Process Clause of

Having determined that Petitioner's current habeas corpus petition is untimely, and that this action must therefore be summarily dismissed, the Court will recommend that Petitioner's three pending collateral motions – (i) "Motion For Leave To Proceed In Forma Pauperis," (Docket No. 2), (ii) "Motion For Appointment Of Counsel," (Docket No. 3), and (iii) "Motion For Access To A Law Library And Adequate Legal Material To Conduct Equitable Litigation," (Docket No. 4) – be summarily denied.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be DENIED;

2. Petitioner's Motion For Leave To Proceed In Forma Pauperis, (Docket No. 2), be DENIED;

3. Petitioner's Motion For Appointment Of Counsel, (Docket No. 3), be DENIED;

4. Petitioner's Motion For Access To A Law Library And Adequate Legal Material To Conduct Equitable Litigation, (Docket No. 4), be DENIED; and

5. This action be DISMISSED WITH PREJUDICE.

Dated: June 28, 2006

---

the federal Constitution – are not viable. Petitioner's claims based on the Minnesota Constitution would have to be rejected, because federal habeas review is not available for claims based on state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Petitioner's Seventh Amendment and Due Process claims would have to be rejected, because identical claims were rejected by the Eighth Circuit Court of Appeals in Poole v. Goodno, 335 F.3d 705 (8th Cir. 2003).

                                                    s/ Arthur J. Boylan
                                                    ARTHUR J. BOYLAN
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before July 14, 2006.