## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| LINCOLN J. BROWN, | Civil No. 06-2576 (JRT/AJB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DEAN MOONEY, Director of the Minnesota Sex Offender Program, | |
| Respondent. | |

Lincoln J. Brown, Moose Lake Regional Treatment Center, 1111 Highway 73, Moose Lake, MN 55767, petitioner *pro se*.

Thomas R. Ragatz, Assistant United States Attorney, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, Suite 1800, Saint Paul, MN 55101, for respondent.

Petitioner Lincoln J. Brown ("Brown"), a state prisoner incarcerated at the Moose Lake Regional Treatment in Moose Lake, Minnesota, brings this petition for writ of habeas corpus (the "petition") pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated June 28, 2006, United States Magistrate Judge Arthur S. Boylan recommended denying the petition. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has reviewed *de novo* petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As explained below, the Court overrules the objections and adopts the Report and Recommendation.

## BACKGROUND

Petitioner has a history of criminal sexual conduct and is currently civilly committed as a Sexually Dangerous Person ("SDP") under Minnesota's civil commitment laws. The State initially sought to have petitioner committed in 1994, and after a hearing at which he stipulated to being an SDP, he was civilly committed on May 30, 1995.

On July 12, 2004, petitioner filed a state habeas petition. *See* Minn. Stat. §§ 589.01 *et seq*. Petitioner asserted that the absence of a jury trial in Minnesota's civil commitment proceedings violated his rights under the Minnesota State Constitution. He also claimed that the proceedings deprived him of his right to a jury trial under the Seventh Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The state district court denied petitioner's habeas petition, and on appeal, the Minnesota Court of Appeals upheld that decision. *Brown v. Mooney*, 2005 WL 1331767 (Minn. Ct. App. 2005). The Minnesota Supreme Court denied petitioner's application for further review on July 19, 2005.

On June 22, 2006, petitioner filed the application for a federal writ of habeas corpus under 28 U.S.C. § 2254 at issue here.

## ANALYSIS

**I.     Habeas Petition**

Absent an impediment created by governmental action, a newly-recognized and retroactively-applicable right, or newly-discovered facts, prisoners must file a petition for

a writ of habeas corpus within one year of the date on which their convictions became final.  *See* 28 U.S.C. § 2244(d)(1)-(4).  Here, petitioner does not allege, and the record does not indicate, that the state has created any impediment, or that there are any newly recognized rights, or newly discovered facts.[1]  Thus, the one-year statute of limitations began to run in this case when the judgment that effected petitioner's civil commitment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The judgment against petitioner leading to his civil commitment occurred on May 30, 1995.  *Brown*, 2005 WL 1331767 at *1.  After his commitment in 1995, petitioner did not pursue a direct appeal.  Because petitioner did not file a direct appeal, the federal habeas statute of limitations ordinarily would have begun to run upon the expiration of the deadline for filing a direct appeal.  However, the statute of limitations period for § 2244(d)(1) never begins to run before the date of enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was April 24, 1996.  *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999).  Therefore, the statute of limitations for petitioner thus began to run on April 24, 1996, and expired on April 24, 1997.

---

[1] The Court notes that petitioner's petition is a carefully worded 10-page document, and includes petitioner's analysis of Minnesota Supreme Court decisions from 1926 and 1940.  However, notwithstanding the length or clarity of his petition, petitioner offers no reason or explanation why he waited until 2004 to file his state court habeas petition:  it does not appear that the duration or circumstances of his confinement changed at any point, or that petitioner uncovered any new facts or law, or that he was somehow impeded from timely seeking habeas relief.

Petitioner filed his present federal petition for a writ of habeas corpus on June 22, 2006, more than nine years after the expiration of the statute of limitations. Because petitioner filed his habeas petition after that expiration, it is time-barred, unless the tolling provisions of 28 U.S.C. § 2244(d)(2) stopped the statute of limitations from running during that time.

Under § 2244(d)(2), the statute of limitations is tolled when a state detainee files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. *Mills v. Norris*, 187 F.3d 881, 883-84 (8th Cir. 1999). However, the statute of limitations cannot be tolled after it has already expired. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006).

As set forth above, petitioner's limitations period expired on April 24, 1997, one year after the AEDPA's date of enactment. Petitioner did not file an application for state post-conviction relief until July 12, 2004, over seven years later. Thus, the filing of the state post-conviction habeas petition could not toll the statute of limitations period, which had expired more than seven years earlier.

Because petitioner did not file his habeas petition within the statute of limitations, and because the statute of limitations was not tolled, the petition is time-barred. Accordingly, the Court dismisses the petition.

**II.    Certificate of Appealability**

Petitioner also moves for a certificate of appealability. When a district court "denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability should issue when the prisoner shows that reasonable jurists "would find it debatable" whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that it is unlikely that some other court would decide the issues raised in this petition differently. For this reason, the Court concludes that petitioner has failed to make the required substantial showing of a denial of a constitutional right, and the Court denies a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997).

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 7] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 6]. Accordingly, **IT IS HEREBY ORDERED** that:

1.    Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 [Docket No. 1] is **DENIED**. The petition is **DISMISSED WITH PREJUDICE**;

2.    Petitioner's Motion For Leave To Proceed In Forma Pauperis [Docket No. 2] is **DENIED;**

3.	Petitioner's Motion For Appointment Of Counsel [Docket No. 3] is **DENIED**; and

4.	Petitioner's Motion For Access To A Law Library And Adequate Legal Material To Conduct Equitable Litigation, [Docket No. 4], is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's Motion for a Certificate of Appealability [Docket No. 8] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:	September 8, 2006	        s/ John R. Tunheim         _
at Minneapolis, Minnesota.	            JOHN R. TUNHEIM
	                                  United States District Judge